UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| LARRY D. HILL, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 18-191-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Larry D. Hill, Jr. has filed a *pro se* "Motion for Judicial Recommendation." [R. 1] For administrative purposes, the Clerk of the Court has docketed Hill's motion as a habeas corpus petition pursuant to 28 U.S.C. § 2241, presumably because through it Hill seeks earlier release from custody to a halfway house. The construed petition is before the Court for initial review. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In April 2013, Hill was charged by an information filed in Rocky Mount, North Carolina with conspiring with others to file false claims for federal income tax refunds. In addition, he committed his crimes while on supervised release from a prior federal conviction for defrauding insurance companies. Hill pled guilty to the newly-charged offenses.

Prior to sentencing, Hill requested leniency because he was diagnosed at age 33 with cardiomyopathy (a heart condition), and

he suffers from hypertension, diabetes, sleep apnea, and hyperlipidemia. Hill submitted extensive documentation of his medical conditions in support of that request.

In February 2014, the trial court sentenced Hill to 100 months imprisonment and ordered nearly five million dollars in restitution. The trial court's judgment included a general recommendation that the Bureau of Prisons conduct a medical screening of Hill upon entry and that he continue to receive appropriate medical care during his incarceration. It further included a special recommendation that Hill be confined at the Federal Correctional Institution in Butner, North Carolina, a complex that has more extensive medical care facilities than most federal penal institutions. Since that time, Hill has filed over two dozen motions seeking relief from his convictions and sentences on various grounds, all without success. *United States v. Hill*, No. 4: 13-CR-28-BR-1 (E.D.N.C. 2013).

Hill is now confined at the Federal Medical Center in Lexington, Kentucky, with a projected release date in February 2021. See https://www.bop.gov/inmateloc/. Through his motion, Hill asks this Court to issue a recommendation to the BOP that he be allowed to serve the last 12 months of his sentence in a halfway house or in home confinement, based upon his current medical condition and his efforts at rehabilitation. [R. 1 at 1-2]

The Court must deny Hill's request because this Court has no authority to make such a recommendation pursuant to 28 U.S.C. § 2241 merely because he is confined within this district. Nor may he file a freestanding motion in this Court requesting such relief. Program Statement 5100.08, upon which Hill relies, permits the court that imposed the criminal sentence to make such a sentence at the time of sentencing. But this Court did not impose his sentence, and the Eastern District of North Carolina made no such recommendation even though it was fully apprised of his medical conditions and accounted for them in its 2014 judgment. Finally, at this time Hill's projected release date is nearly 36 months in the future, and the BOP does not generally make even preliminary determinations regarding the length of RRC placements until 15-17 months before an inmate's projected release date. Because Hill's request is not cognizable in a § 2241 petition and does not invoke any authority exercisable by this Court, his motion will be denied and this proceeding closed.

Accordingly, **IT IS ORDERED** that:

1. Larry Hill's "Motion for Judicial Recommendation." [R. 1], construed in part as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DENIED**.

2. For the reasons stated herein, the Court **CERTIFIES** that any appeal would not be taken in good faith.

3.   This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 30th day of March, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge